1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

11   SHAWN EDWARD SHAFFER,                    Case No. 2:22-cv-02451-SPG (MRW)

12                    Petitioner,
                                              **ORDER ACCEPTING FINDINGS AND**
13         v.                                 **RECOMMENDATIONS OF UNITED**
                                              **STATES MAGISTRATE JUDGE**
14   RAYMOND MADDEN, Warden,

15                    Respondent.

16

17

18         Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records

19   on file, and the Report and Recommendation ("Report") of the United States

20   Magistrate Judge.  Further, the Court has engaged in a *de novo* review of those

21   portions of the Report to which objections have been made.

22         The Report recommends the denial of habeas relief for Petitioner's claims

23   challenging his convictions for sex offenses against children.  (ECF No. 23.)  For

24   the following reasons, Petitioner's Objections to the Report (ECF No. 26) do not

25   warrant a change to the Magistrate Judge's findings or recommendation.

26         Petitioner objects that the evidence was insufficient, under *Jackson v.*

27   *Virginia*, 443 U.S. 307 (1979), to sustain some of his  convictions.  (ECF No. 26 at

28   12-19.)  Petitioner argues that, as to Counts One and Two, evidence showed that the

victim was 14 years old when the abuse occurred, while the criminal statute

required that he be under the age of 14. (*Id*. at 14-17.)  As the Report found,

however, although the evidence about the victim's age was somewhat conflicting,

the victim did testify he was under the age of 14 when Petitioner molested him

twice.  (Dkt. No. 23 at 6, 10 (citing ECF No. 14-1 at 79, 96-97, 101)).  A reasonable

jury could credit that testimony, rather than conflicting testimony about the victim

being older.  *See United States v. Nevils*, 598 F.3d 1158, 1169 (9th Cir. 2010) (*en

banc*) ("[W]e do not construe the evidence in the light most favorable to innocence,

and therefore do not consider [appellant's] argument that there is an equally

plausible innocent explanation for [the evidence].").

> Petitioner relatedly objects that the state court failed to consider the totality

of the evidence about the victim's age, rendering its factual findings unreasonable

under 28 U.S.C. § 2254(d)(2).  (ECF No. 26 at 17.)  But a federal court does not

review a claim of insufficiency of the evidence through the lens of 28 U.S.C.

§ 2254(d)(2).  *Sarausad v. Porter*, 479 F.3d 671, 678 (9th Cir. 2007) ("A court

under *Jackson* makes no 'determination of the facts' in the ordinary sense of

resolving factual disputes."), *reversed on other ground by Waddington v. Sarausad*,

555 U.S. 179, 197 (2009).

> Petitioner relatedly objects that, as to Counts Four and Five, the evidence was

insufficient to show that he used force or fear to abuse the victim.  (ECF No. 26 at

18-19.)  Petitioner points out that the victim, on cross-examination, admitted his

characterization of the events was "highly misleading."  (*Id*. at 19.)  But the

impeachment of a witness on cross-examination does not render the evidence

insufficient.  *See Nevils*, 598 F.3d at 1170 ("We cannot second-guess the jury's

credibility assessments[.]").  Moreover, this conclusion does not mean, as Petitioner

suggests, that reviewing courts have refused to consider the totality of the evidence

presented at his trial.  (ECF No. 26 at 19.)  Rather, it means that reviewing courts

cannot reweigh the trial evidence simply to second-guess how the jury weighed the

1    evidence.  *See McDaniel v. Brown*, 558 U.S. 120, 134 (2010) (*per curiam*) (noting

2    that federal courts must "preserve 'the factfinder's role as weigher of the evidence'

3    by reviewing '*all of the evidence* . . . in the light most favorable to the prosecution")

4    (emphasis and ellipsis in original) (quoting *Jackson*, 443 U.S. at 319).

5            Petitioner objects that his claim of ineffective assistance of counsel, for

6    counsel's alleged failure to investigate, is not procedurally barred.  (ECF No. 26 at

7    19-34.)  Petitioner argues that Respondent did not raise a procedural-bar defense in

8    the Answer and that it was improper for the Report to raise it *sua sponte* unless it

9    had been evident from the face of the Petition.  (*Id.* at 20-21.)  To the contrary, the

10   Magistrate Judge had the discretion to raise the issue of procedural bar *sua sponte*

11   even if Respondent had failed to raise it in the Answer.  *See Vang v. Nevada*, 329

12   F.3d 1069, 1073 (9th Cir. 2003) (recognizing that "principles of comity, federalism,

13   and judicial efficiency would permit us to apply a procedural bar even though the

14   state failed to raise it"); *see also Wood v. Milyard*, 566 U.S. 463, 473 (2012)

15   (recognizing that federal courts have the authority, though not the obligation, to

16   raise forfeited procedural defense on their own initiative).

17           Petitioner relatedly objects that, as to his claim of ineffective assistance of

18   counsel, the claim is not procedurally barred and that the California Court of

19   Appeal was wrong in finding a procedural bar based on untimeliness.  (ECF No. 26

20   at 29-33.)   The Court generally has no jurisdiction to review whether the California

21   Court of Appeal's finding was wrong.  *See Martinez v. Ryan*, 926 F.3d 1215, 1224

22   (9th Cir. 2019) ("We lack jurisdiction to consider that contention.") (citing *Poland*

23   *v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) ("Federal habeas courts lack

24   jurisdiction . . . to review state court applications of state procedural rules.");

25   *Johnson v. Foster*, 786 F.3d 501, 508 (7th Cir. 2015) ("[A] federal habeas court is

26   not the proper body to adjudicate whether a state court correctly interpreted its own

27   procedural rules, even if they are the basis for a procedural default.")).  Even if the

28   Court did have the authority to consider the question, this was not an "unusual"

3

1    instance where it was clear that the California Court of Appeal's untimeliness

2    determination was wrong.  *Cf. Sivak v. Hardison*, 658 F.3d 898, 908 (9th Cir. 2011)

3    (recognizing that a federal court in an "unusual" case may reject a state court's use

4    of a procedural bar as erroneously applied).

5            Petitioner objects that, on the merits, his trial counsel was ineffective for

6    failing to perform a competent investigation, which led to a limited and inadequate

7    examination of witnesses.  (ECF No. 26 at 34-39.)  Petitioner argues that the

8    California Court of Appeal unreasonably rejected evidence impeaching the

9    government's witnesses as "merely cumulative, corroborative, collateral or

10   impeaching."  (*Id*. at 37-38.)  This objection does not undermine the Report's

11   finding that the California Court of Appeal's decision was not objectively

12   unreasonable.  As the Report found, "none of the individuals identified in

13   Petitioner's submissions remotely approaches the level of 'crucial' or 'star witness'

14   for either party regarding the molestation at issue."  (ECF No. 23 at 17.)

15           Petitioner objects that his right to fair notice of the charges was violated

16   when he was "ambushed by the prosecution's alteration of their theory as to Counts

17   4 and 5 during closing argument[.]"  (ECF No. 26 at 41.)  Petitioner characterizes

18   this claim as an arbitrary deprivation of a state-created right in violation of *Hicks v.*

19   *Oklahoma*, 447 U.S. 343 (1980).  (ECF No. 26 at 39.)  This appears to be too broad

20   a reading of *Hicks*.  *See Gonzalez v. Wong*, 667 F.3d 965, 995 (9th Cir. 2011)

21   (holding that petitioner "reads *Hicks* too broadly" by relying on it to support a claim

22   of prosecutorial misconduct during closing arguments) (citing *Chambers v.*

23   *Bowersox*, 157 F.3d 560, 565 (8th Cir. 1998) (distinguishing *Hicks* and "reject[ing]

24   the notion that every trial error, even every trial error occurring during the

25   sentencing phase of a capital case, gives rise to a claim under the Due Process

26   Clause")).  In any event, clearly established federal law does not hold that a

27   prosecution's alteration of their theory during trial violates a criminal defendant's

28   constitutional right to adequate notice of the charges against him.  *See Lopez v.*

*Smith*, 574 U.S. 1, 5 (2014) (*per curiam*) (stating that the Supreme Court has never clearly established "that a defendant, once adequately apprised of [the prosecutor's theory of liability], can nevertheless be deprived of adequate notice by a prosecutorial decision to focus on another theory of liability at trial").

### ORDER

IT IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: March 14, 2024

SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE